IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT NELSON ATKINS,

    Petitioner,                   No. CIV S-04-0287 FCD GGH P

    vs.

DAVID RUNNELS, Warden, et al.,

    Respondent.              FINDINGS AND RECOMMENDATIONS

_____/

I. Introduction

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 1998 conviction for arson (Cal. Penal Code § 451(c)) for which he is serving a sentence of 31 years to life pursuant to the Three Strikes law. Petitioner argues that the retrial of his prior conviction violated the doctrines of res judicata and law of the case as well as his right to due process and equal protection. After carefully considering the record, the court recommends that the petition be denied.

II. Anti-Terrorism and Effective Death Penalty Act (AEDPA)

    The AEDPA applies to this petition for habeas corpus which was filed after the AEDPA became effective. Neelley v. Nagle, 138 F.3d 917 (11th Cir.), citing Lindh v. Murphy, 117 S. Ct. 2059 (1997). The AEDPA "worked substantial changes to the law of habeas corpus,"

1

establishing more deferential standards of review to be used by a federal habeas court in assessing a state court's adjudication of a criminal defendant's claims of constitutional error. Moore v. Calderon, 108 F.3d 261, 263 (9th Cir. 1997).

In Williams (Terry) v. Taylor, 529 U.S. 362, 120 S. Ct. 1495 (2000), the Supreme Court defined the operative review standard set forth in § 2254(d). Justice O'Connor's opinion for Section II of the opinion constitutes the majority opinion of the court. There is a dichotomy between "contrary to" clearly established law as enunciated by the Supreme Court, and an "unreasonable application of" that law. Id. at 1519. "Contrary to" clearly established law applies to two situations: (1) where the state court legal conclusion is opposite that of the Supreme Court on a point of law, or (2) if the state court case is materially indistinguishable from a Supreme Court case, i.e., on point factually, yet the legal result is opposite.

"Unreasonable application" of established law, on the other hand, applies to mixed questions of law and fact, that is, the application of law to fact where there are no factually on point Supreme Court cases which mandate the result for the precise factual scenario at issue. Williams (Terry), 529 U.S. at 407-08, 120 S. Ct. at 1520-1521 (2000). It is this prong of the AEDPA standard of review which directs deference to be paid to state court decisions. While the deference is not blindly automatic, "the most important point is that an *unreasonable* application of federal law is different from an incorrect application of law....[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams (Terry), 529 U.S. at 410-11, 120 S. Ct. at 1522 (emphasis in original). The habeas corpus petitioner bears the burden of demonstrating the objectively unreasonable nature of the state court decision in light of controlling Supreme Court authority. Woodford v. Viscotti, 537 U.S. 19, 123 S. Ct. 357 (2002).

The state courts need not have cited to federal authority, or even have indicated awareness of federal authority in arriving at their decision. Early v. Packer, 537 U.S. 3, 123 S.

Ct. 362 (2002). Nevertheless, the state decision cannot be rejected unless the decision itself is contrary to, or an unreasonable application of, established Supreme Court authority. Id. An unreasonable error is one in excess of even a reviewing court's perception that "clear error" has occurred. Lockyer v. Andrade, 538 U.S. 63, 75-76, 123 S. Ct. 1166, 1175 (2003). Moreover, the established Supreme Court authority reviewed must be a pronouncement on constitutional principles, or other controlling federal law, as opposed to a pronouncement of statutes or rules binding only on federal courts. Early v. Packer, 123 S. Ct. at 366.

However, where the state courts have not addressed the constitutional issue in dispute in any reasoned opinion, the federal court will independently review the record in adjudication of that issue. "Independent review of the record is not de novo review of the constitutional issue, but rather, the only method by which we can determine whether a silent state court decision is objectively unreasonable." Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003).

III. Discussion

    A. Background

The opinion of the California Court of Appeal discusses the background of petitioner's claims. After independently reviewing the record, the court finds this summary to be accurate and adopts it below.

> Defendant Robert Nelson Atkins was convicted after a jury trial of arson of forest land in violation of Penal Code section 451, subdivision (c). [Footnote 1.] Defendant was also charged with and found to have two strikes (§ 667, subds. (b)-
>
> > [Footnote 1: Further undesignated statutory references are to the Penal Code.]
>
> (I)) and two serious felony convictions (§ 667, subd. (a)) arising from the same two convictions: a 1991 assault and a 1983 robbery conviction.
>
> In an earlier appeal, we concluded that the evidence was insufficient to show that his 1991 conviction for assault with a firearm was a strike under the "Three Strikes" law. In our disposition, we vacated the finding that defendant suffered a strike conviction under the Three Strikes law or a serious felony conviction under section 667, subdivision (a), for his 1991 assault conviction. We further stated

3

> that, if the prosecution elected to retry the strike-serious felony allegation regarding the 1991 assault conviction, it was required to do so within 60 days of the filing of our remittitur. (People v. Monge (1997) 16 Cal.4th 826, 829, 831-845; Monge v. California (1998) 524 U.S. 721, 724-734 [141 L.Ed.2d 615, 621-628].) The cause was remanded to the trial court for resentencing and any other appropriate proceedings. In all other respects, the judgment was affirmed.
>
> Upon remand, the prosecution timely elected to retry the strike/serious felony allegation regarding the 1991 assault conviction. Additional evidence was presented and the allegation was found true. Defendant contends now, as he did in the trial court, that retrial of this prior conviction allegation was barred. We disagree.

Respondent's Answer, Exhibit A, pp. 1-2.

### B. Claim 1: Res Judicata and Law of the Case

Petitioner contends that retrial of his prior conviction was barred by the doctrines of res judicata and law of the case. The California Court of Appeal rejected these claims:

> Defendant concedes that the California and United States Supreme Court have both rejected double jeopardy challenges to retrial of prior conviction allegations. (People v. Monge, supra, 16 Cal.4th at p. 829, 831-845; Monge v. California, supra, 524 U.S. at pp. 724-734.) Instead, he argues that the retrial of the prior conviction allegation was barred by the doctrines of res judicata and law of the case and violated fundamental fairness principles.
>
> As defendant acknowledges, we have already rejected the res judicata and law of the case arguments in People v. Franz (2001) 88 Cal.App.4th 1426, at pages 1454-1457 (Franz). He asks we reconsider and distinguish Franz and follow the earlier case of People v. Mitchell (2000) 81 Cal.App.4th 132 (Mitchell). Defendant, however, has provided no convincing reason for us to reconsider or distinguish Franz and we decline to do so. [Footnote 2.]
>
> > [Footnote 2: We note that, although review was denied in both Franz and Mitchell, this precise issue is presently on review in the California Supreme Court in a case (which was unpublished) that followed Mitchell. (People v. Barragan (2002) WL 374043, review granted May 15, 2002, S105734.)]
>
> Moreover, we concur with People v. Sotello (2002) 94 Cal.App.4th 1349, at pages 1354-1357 (Sotello), which rejected an argument (similar to defendant's argument in this case) that the retrial of a prior conviction allegation violates principles of fundamental fairness. In Sotello, the court recognized the possibility of an anomalous result where retrial is allowed on an allegation that should have been found not true in the first instance, but addressed the concern of fundamental fairness in a different light, stating: "Our concern in addressing the issue of fundamental fairness is that all defendants who have similar histories of past felonious conduct should be sentenced similarly. This goal serves the interests of

4

> both defendants and the People and is promoted by allowing an allegation to be retried where appellate review has determined the trial court erroneously found sufficient evidence to sustain a true finding at the first trial." (Sotello, supra, 94 Cal.App.4th at p. 1357.) We share this concern.
>
> Absent a contrary holding by our Supreme Court, we follow the majority of courts in concluding that the proper procedure remains remand for retrial as set forth in People v. Monge, supra, 16 Cal.4th at p. 845 and People v. Morton (1953) 4 Cal.2d 536, 543-545. (See, e.g., Franz, supra, 88 Cal.App.4th at pp. 1454-1457; Sotello, supra, 94 Cal.App.4th at pp. 1354-1357; Cherry v. Superior Court (2001) 86 Cal.App.4th 1296, 1301-1305; People v. Scott (2000) 85 Cal.App.4th 905, 909-926.)

Respondent's Answer, Exhibit A, pp. 2-4.

In the answer, respondent states that he knows of no United States Supreme Court authority prohibiting the retrial of a prior conviction allegation after it has been overturned for insufficiency of the evidence based on law of the case or res judicata. This court is also not aware of any United States Supreme Court authority standing for this proposition. This court also observes that in People v. Barragan, 32 Cal. 4th 236, 9 Cal. Rptr. 3d 76 (2004) the California Supreme Court found that retrial of a prior conviction reversed on insufficiency of evidence grounds did not violate the principles of res judicata or law of the case. Finally, if case law establishes that double jeopardy protections, or even res judicata and law of the case, do not preclude retrial of a prior conviction enhancement, it follows that retrial of the prior conviction cannot be considered fundamentally unfair.

Accordingly, because the decision by the California Court of Appeal was not contrary to any established Supreme Court authority, these claims should be denied. Pham v. Terhune, 400 F.3d 740 (9th Cir. 2005) (in reviewing a state court's summary denial of a habeas petition, the court must look through the summary disposition to the last reasoned decision); Exhibit C to answer (postcard denial of petition for review by California Supreme Court).

C. Claim 2

Petitioner argues that retrial of his prior conviction violated his right to due process and equal protection. Respondent argues that these claims are procedurally defaulted.

5

The California Court of Appeal found that petitioner waived these claims because he failed to make a timely objection in the trial court on these specific grounds.  Answer, Exhibit A, pp. 4, 5.  See Ylst v. Nunnemaker, 501 U.S. 797, 111 S. Ct. 2590 (1991) (federal courts look through to last reasoned state court judgment to determine whether claim is procedurally barred); answer, exhibit C (unreasoned decision by California Supreme Court denying petition for review).

The court is somewhat puzzled by the claimed distinction between due process and what was decided with respect to Claim 1.  In Claim 1, all recognized that double jeopardy did not apply, and the Court of Appeals determined that fundamental fairness did not preclude the retrial of the prior conviction sentencing enhancement.  Moreover, the somewhat related state law concepts of res judicata and law of the case were held not to apply.  The undersigned is at a loss to determine what "due process" theory is left, and neither the state appellate court nor the parties herein have been able to define another theory for "due process" separate from fundamental fairness.  Thus, the procedural default entered by the state Court of Appeal to the due process objection is inconsequential.  Nevertheless, for the sake of analysis, the undersigned continues.

Based on concerns of comity and federalism, federal courts will not review a habeas petitioner's claims if the state court decision denying relief rests on a state law ground that is independent of federal law and adequate to support the judgment. Coleman v. Thompson, 501 U.S. 722, 111 S. Ct. 2546, 2554 (1991); Harris v. Reed, 489 U.S. 255, 260-62, 109 S. Ct. 1038 (1989).  Generally, the only state law grounds meeting these requirements are state procedural rules.  However, the procedural basis of the ruling must be clear.  Ambiguous reference to procedural rules is insufficient for invocation of procedural bar.  Calderon v. United States District Court (Bean), 96 F.3d 1126, 1131 (9th Cir. 1996).  Similarly, where the procedural and merits analysis are intermixed, it cannot be said that the procedural bar is independent of federal law, i.e., there is no plain statement of reliance on procedural bar.  Harris v. Reed, supra.

If there is an independent and adequate state ground for the decision, the federal court may still consider the claim if the petitioner demonstrates: (1) cause for the default and actual prejudice resulting from the alleged violation of federal law, or (2) a fundamental miscarriage of justice. Harris, 489 U.S. at 262, 109 S. Ct. at 1043. The existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule. McCleskey v. Zant, 499 U.S. 467, 493-94, 111 S. Ct. 1454, 1476 (1991). Examples of cause include showings "that the factual or legal basis for a claim was not reasonably available to counsel," "that some interference by officials made compliance impracticable," or "of ineffective assistance of counsel." Murray, 477 U.S. at 488, 106 S. Ct. at 2645. Prejudice is difficult to demonstrate:

> The showing of prejudice required under Wainwright v. Sykes is significantly greater than that necessary under "the more vague inquiry suggested by the words 'plain error.'" Engle, 456 U.S., at 135, 102 S.Ct., at 1575; Frady, supra, 456 U.S., at 166, 102 S.Ct., at 1593. See also Henderson v. Kibbe, 431 U.S. 145, 154, 97 S.Ct. 1730, 1736, 52 L.Ed.2d 203 (1977). The habeas petitioner must show "not merely that the errors at ... trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Frady, supra, at 170, 102 S.Ct., at 1596.

Murray v Carrier, 477 U.S. at 493-494, 106 S. Ct. at 2648 (1986). Although different phraseology is used in the default context from that used in the ineffective assistance of counsel prejudice inquiry, as stated above, the ultimate application of the two prejudice inquiries is essentially similar—that is, whether the prejudice is sufficient to have undermined the reviewer's confidence in the result of the trial.

If the state adequately pleads an independent and adequate state procedural ground, the burden shifts to petitioner to come forward with "specific factual allegations that demonstrate the inadequacy of the state procedure, including citation to authority demonstrating inconsistent application of the rule." Bennett v. Mueller, 322 F.3d 573, 586 (9th Cir. 2003).

1 In finding that petitioner waived these claims, the California Court of Appeal cited People v. Ashmus, 54 Cal. 3d 932, 972-973, ns. 10, 2 Cal. Rptr. 2d 112 (1991), In re Josue S., 72 Cal. App. 4th 168, 170, 84 Cal. Rptr. 2d 796 (1999), and People v. Garceau, 6 Cal. 4th 140, 173, 24 Cal. Rptr. 2d 664 (1993). These cases stand for the general proposition that a defendant waives his federal constitutional claim by failing to raise it in the trial court. In People v. Yoeman, 31 Cal. 4th 93, 2 Cal. Rptr. 3d 186 (2003), the California Supreme Court found that a defendant who raises a Wheeler[1] claim at trial does not waive his Batson[2] claim. In Yoeman, the California Supreme Court disapproved of Ashmus and Garceau as they applied to Batson claims only. Therefore, the reliance on these cases by the California Court of Appeal in the instant case to find the claims waived was proper.

By arguing that petitioner waived this claim by failing to object, the state has met its burden of pleading an independent and adequate state procedural ground. That the California Supreme Court has carved out an exception to this rule for Batson claims does not undermine respondent's position. Petitioner has not come forward with any evidence demonstrating that the rule applied by the state appellate court is not firmly established and not regularly followed by the California courts.

The court now considers whether petitioner suffered prejudice from the alleged violation of federal law or a fundamental miscarriage of justice. To succeed on either prong petitioner must demonstrate that the denial of these claims by the California Court of Appeal, which went on to address the merits, was contrary to clearly established Supreme Court authority. This he has not done. This court is aware of no United States Supreme Court case holding that the retrial of a prior conviction reversed on insufficiency of evidence grounds violates either due process or equal protection.

---

[1] People v. Wheeler, 22 Cal. 3d 258, 148 Cal. Rptr. 890 (1978).

[2] Batson v. Kentucky, 476 U.S. 79, 106 S. Ct. 1712 (1986).

1  For the reasons discussed above, the court finds that petitioner's due process and
2  equal protection claims are procedurally barred.

3  D.  Blakely

4  In his traverse, petitioner raises a new claim: the retrial of his prior conviction
5  violated Blakely v. Washington, ___ U.S. ___, 124 S. Ct. 2531 (2004).  Although it is unclear
6  whether this claim has been exhausted, the court may consider this claim because it has no merit.
7  28 U.S.C. § 2254(b)(2).  The United States has not made Blakely retroactive to cases on
8  collateral review.  Cook v. United States, 386 F.3d 949, 950 (9th Cir. 2004) (order).  Petitioner
9  was convicted in 1998.  Moreover, Blakely and its predecessor cases recognize that the Supreme
10 Court has not required a jury trial for prior conviction enhancements.  Blakely, 124 S. Ct. at
11 2536.  Therefore, no relief is available to petitioner based on Blakely.

12 Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for
13 a writ of habeas corpus be denied.

14 These findings and recommendations are submitted to the United States District
15 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
16 days after being served with these findings and recommendations, any party may file written
17 objections with the court and serve a copy on all parties.  Such a document should be captioned
18 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
19 shall be served and filed within ten days after service of the objections.  The parties are advised
20 that failure to file objections within the specified time may waive the right to appeal the District
21 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

22 DATED: 5/13/05

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

ggh:kj
at287.157

9